IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KATHRYN JOHNSON-HUNT, )
 )
    Plaintiff, )
 )
v. ) No. 3:10-cv-0671
 ) Senior Judge Haynes
CAROLYN COLVIN, )
Acting Commissioner of Social Security, )
 )
    Defendant. )

## MEMORANDUM

Plaintiff, Kathryn Johnson-Hunt, filed this action under 42 U.S.C. § 405(g) against the Commissioner of Social Security, seeking judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") benefits under the Social Security Act. On August 16, 2006, Plaintiff filed a claim for SSI benefits alleging April 1, 2002 as the onset date of disability due to schizophrenia, bipolar disorder, PTSD, depression, anxiety disorder, eye problems, fatigue, back pain, dyspnea, and asthma. Plaintiff's claim was initially denied, and her request for reconsideration was also denied. On April 9, 2009, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's claim. On July 15, 2009, the ALJ denied Plaintiff's disability claim. Plaintiff timely filed a request for review of the ALJ's decision that was denied by the Appeals Council.

Plaintiff then filed this action for judicial review. (Docket Entry No. 1). The Magistrate Judge's Report and Recommendation (Docket Entry No. 33) recommended that the Court deny Plaintiff's claim and affirm the Commissioner's decision. On September 21, 2011, the Court adopted the Report and Recommendation, and Plaintiff's motion for judgment on the administrative record was denied. (Docket Entry No. 35). Plaintiff appealed the decision to the Sixth Circuit.

(Docket Entry No. 37). The Sixth Circuit Court reversed and remanded, concluding that the ALJ failed to give good reasons for the weight given to the opinion of Dr. Dull, Plaintiff's treating physician. (Docket Entry No. 38 at 11).

The Sixth Circuit stated:

> Here, the Commissioner concedes that the ALJ did not consider Dr. Dull's opinion in determining whether alcohol was a contributing factor material to the finding that Johnson-Hunt was disabled, but argues the ALJ failed to do so because Dr. Dull did not give an opinion with respect to the alcoholism-materiality issue.
> ....
> The Commissioner's argument is problematic in two respects. First, it does not necessarily follow from the observation that Dr. Dull considered Johnson-Hunt's lifelong condition that he did not also consider Johnson-Hunt's condition while not abusing alcohol. Although Dr. Dull did not explicitly state that alcoholism was not a contributing factor material to her disability, Dr. Dull's opinion can be read as addressing Johnson-Hunt's condition while not abusing alcohol, the "key factor" in the alcoholism-materiality determination. See 20 C.F.R. § 416.935(b)(1).
> ....
> Second, and more importantly, the Commissioner's assertion that Dr. Dull did not provide an opinion as to the alcoholism-materiality determination is not evident from the ALJ decision. The ALJ did not state as much, nor did she give any reason that would "permit [] meaningful and efficient review of [her] application of the treating physician rule."

Id. at 14-15.

Following the Sixth Circuit's reversal, Plaintiff filed a motion for attorney's fees (Docket Entry No. 40) under the Equal Access to Justice Act ("EAJA") seeking $11,204 in fees, to which Defendant filed a response (Docket Entry No. 46) and Plaintiff filed a reply (Docket Entry No. 49). The Court remanded the action to the Commissioner to "address whether Dr. Dull's opinion should be given controlling weight, and if not, to provide good reasons for the weight given pursuant to the SSA's treating physician rule and the good-reasons requirement." (Docket Entry No. 41). The Court deferred consideration of Plaintiff's motion until after receipt of the Commissioner's report. (Docket

Entry No. 51). On July 31, 2014, the ALJ found Plaintiff disabled and entered a fully favorable decision. (Docket Entry No. 57, Attachment 1). Before the Court are Plaintiff's motion for attorney's fees (Docket Entry No. 40) and Plaintiff's request for ruling on EAJA fee petition (Docket Entry No. 57). Defendant filed a response (Docket Entry No. 46) to the original motion for attorney's fees.

The EAJA states:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Defendant concedes that Plaintiff is a "prevailing party," but contends, in sum, that the position of the Social Security Administration was "substantially justified" because the Court originally found in favor of Defendant and because Defendant had a reasonable basis to defend the ALJ's decision. Defendant also contends that the fees requested are excessive. Plaintiff asserts that because the ALJ failed to follow agency rules and regulations, the ALJ's decision was not based on substantial evidence and Defendant therefore cannot contend that its position is substantially justified.

"Substantially justified" means "'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" Noble v. Barnhart, 230 F.App'x 517, 519 (6th Cir. 2007) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). The Sixth Circuit has stated:

> The Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action. Pierce, 487 U.S. at 565. The government's position "can be justified even though it is not correct ..., and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." Id. at 566 n.2. As this court has noted, "[t]he fact that we f[ind] that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case..." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted).

Noble, 230 F.App'x at 519.

Yet, the Court's upholding the ALJ's decision does not establish that Defendant was substantially justified in its position. See Pierce, 487 U.S. at 569 ("[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."); Salmi v. Sec'y of Health and Human Servs., 712 F.Supp. 566, 570 (W.D. Mich. 1989) ("[T]he fact that the Secretary prevailed in this court does not mean that [her] position was substantially justified.").

Defendant argues that although the Court's decision to uphold the ALJ "is not, in and of itself, enough" to establish substantial justification, "[i]n this case particularly, however, the Commissioner asserts that this Court's original finding speaks to substantial justification." (Docket Entry No. 46 at 4). Defendant argues that the ALJ did consider Plaintiff's treating physician's opinion, "just not, the Sixth Circuit believed, ... enough consideration" was given to it. Id. at 5.

The Sixth Circuit, however, found that the ALJ "violated the treating physician rule and the good-reasons requirement," not merely that she had "just not ... given enough consideration."

4

(Docket Entry No. 38 at 18). Violating the treating physician rule is "a substantive error that rendered this issue unreviewable by this Court." Irizarry v. Colvin, 2015 WL 3755978 at *4 (N.D. Ohio June 16, 2015). By failing to consider and assign the requisite weight to a treating physician's opinion, "the ALJ applied improper legal standards .... Accordingly, the government's position had no legal basis in law." Meyers v. Heckler, 625 F.Supp. 228, 236 (S.D. Ohio 1985). Therefore, the Court concludes that Defendant's position was not substantially justified.

Plaintiff requests attorney's fees for 63.3 hours at a rate of $177 per hour. (Docket Entry No. 40-1 at 3). After filing a reply, Plaintiff requested an additional two hours at the same hourly rate. (Docket Entry No. 50 at 2). Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff included a footnote regarding inflation adjustment. (Docket Entry No. 40-1 at 3).

In the Sixth Circuit, "[c]ounsel bears the burden of 'producing appropriate evidence to support the requested increase.' Counsel does not satisfy his burden by submitting simply his own affidavit or 'the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees.' Counsel's efforts must, instead, be more narrowly and specifically targeted. Because the EAJA does not 'create an entitlement to an inflation adjustment,' counsel must demonstrate that 'inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.'" Parker v. Comm'r of Soc. Sec., 2014 WL 4313274 at *2 (W.D. Mich. Sept. 2, 2014) (citations omitted); see also Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff has not supported her assertion that counsel is entitled to an

hourly fee of $177. Accordingly, Plaintiff's attorney's fees will be awarded at a rate of $125 per hour.

The "'average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours.'" Hayes v. Sec'y of Health and Human Servs., 923 F.2d 418, 420 (6th Cir. 1990) (noting the district court's observation). Yet, "the mere fact that it takes an attorney more than 40 hours to complete work on a Social Security case does not mean that it is per se unreasonable and warrants a reduction." Grooms v. Comm'r of Soc. Sec., No. 2:08-14189, 2011 WL 4536886, at *3 (E.D. Mich. Sept. 30, 2011) (finding a request of sixty-two hours reasonable).

Here, Plaintiff initially submitted a request for 63.3 hours, but submitted an additional request for two hours incurred for the reply. Defendant argues that these hours are excessive because Plaintiff "spent a great deal of time (the great majority) discussing facts and arguments that were rejected throughout. In the end, only [Plaintiff's] legal argument ... got [Plaintiff] a remand." (Docket Entry No. 46 at 9). Even if the legal arguments submitted are not "novel or particularly complex," counsel still has "a duty to adequately review the record," in this case over one thousand pages, "and effectively prepare [a] brief." Dent v. Astrue, No. 07-2238 MA/P, 2008 WL 2278844, at *3 (W.D. Tenn. May 30, 2008); Docket Entry No. 40-3 at 1. Further, "as is often the case with litigation, theories, analyses, and research may be undertaken, reworked, and ultimately rejected by counsel, which is difficult to account for in the final product presented to the Court." Pizzo v. Comm'r of Soc. Sec., 2014 WL 7157129, at *7 (E.D. Mich. Dec. 15, 2014). Thus, the Court concludes that Plaintiff's request of 65.3 hours is not unreasonable.

The Court concludes that Plaintiff's motion for attorney's fees (Docket Entry No. 40) and request for ruling on EAJA fee petition (Docket Entry No. 57) should be granted and Plaintiff should recover a total award of attorney's fees in the amount of $8,162.50.

An appropriate Order is filed herewith.

**ENTERED** this the 20th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge