# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KATHRYN JOHNSON-HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-cv-0671 |
| v. | ) Senior Judge Haynes |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff, Kathryn Johnson-Hunt, originally filed this action under 42 U.S.C. § 405(g) against the Commissioner of Social Security, seeking judicial review of the Commissioner's denial of her application for supplemental security income ("SSI") benefits under the Social Security Act. Plaintiff's claim was denied on the administrative level. On judicial review, the District Court adopted the Magistrate Judge's Report and Recommendation that recommended that the Court deny Plaintiff's claim and affirm the Commissioner's decision. On appeal, the Sixth Circuit reversed and remanded, concluding that the ALJ failed to give good reasons for the weight given to Plaintiff's treating physician's opinion.

Following the Sixth Circuit's reversal, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") seeking $11,204 in fees for 63.3 hours of work at an hourly rate of $177 to which Defendant objected. The Court remanded the action to the Commissioner and deferred consideration of Plaintiff's motion until after receipt of the Commissioner's report. The ALJ found Plaintiff disabled and entered a fully favorable decision. Defendant awarded Plaintiff $50,719.89 in past-due SSI benefits. (Docket Entry No. 61-4). This Court then awarded Plaintiff attorney's fees at an hourly rate of $125 for 65.3 hours of worked performed for a total award of

attorney's fees in the amount of $8,162.50. The United States Department of the Treasury, however, notified Plaintiff and Plaintiff's counsel that this award would be applied to Plaintiff's debt owed to the United States Department of Education. (Docket Entry No. 61-6). Defendant also approved Plaintiff's counsel a fee of $10,000 for his representation of Plaintiff at the administrative level. (Docket Entry No. 61-5).[1]

Before the Court is Plaintiff's motion for approval of attorney fee out of Plaintiff's past due-benefits pursuant to 42 U.S.C. § 406(b)(1)(A) (Docket Entry No. 61), seeking approval of fees in the amount of $2,679.97 for Plaintiff's attorney's representation of Plaintiff in federal court. Defendant did not file a response.

In Social Security actions, there are three statutory provisions, one under the EAJA and the other two under the Social Security Act, that provide payment of attorney's fees to attorneys who represent claimants at the administrative level or who successfully appeal adverse Agency decisions in federal court. Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A plaintiff who wins a remand of his social security appeal becomes a prevailing party under the EAJA, regardless of whether the plaintiff is ultimately awarded benefits. Tibbetts v. Comm'r of Soc. Sec., No. 1:12-CV-894, 2015 WL 1637414, at *2 (S.D. Ohio Apr. 13, 2015); Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA." (citing Shalala v. Schaefer, 509 U.S. 292, 300 (1993)). An EAJA fee award does

---

[1]Plaintiff does not present the number of hours spent representing Plaintiff during the administrative process or how the Commissioner calculated fees of $10,000.

2

not impact a claimant's future award of benefits because the award is paid by the Social Security Administration. Tibbetts, 2015 WL 1637414, at *2.

As to the other two statutory provisions, under the Social Security Act, "Congress provided authority to the Social Security Administration in 42 U.S.C. § 406(a) and to the federal courts in 42 U.S.C. § 406(b)(1) to approve and to fix the amount of fees of social security claimants' attorneys for services rendered in obtaining benefits." Rodriquez v. Bowen, 865 F.2d 739, 744 (6th Cir. 1989). Section 406(a) of the Social Security Act "governs fees for representation in administrative proceedings." Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). Thus, the Commissioner, not the court, is authorized to award fees for work performed at the administrative level. Horenstein v. Sec'y of Health & Human Servs., 35 F.3d 261, 262 (6th Cir. 1994).

Section 406(b) of the Social Security Act "controls fees for representation in court." Gisbrecht, 535 U.S. at 794. Section 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Id. Thus, "a § 406(b) fee can be awarded *only* when the agency awards benefits to the plaintiff after remand." Tibbetts, 2015 WL 1637414, at *2 (emphasis in original). Further, unlike the EAJA, § 406(b) fees come directly out of the successful claimant's award, thereby reducing his or her benefits, and generally must be supported by a fee agreement." Id. Where an attorney first receives an EAJA

fee award and then subsequently receives an award under § 406(b), the attorney must remit the smaller award to the claimant. Gisbrecht, 535 U.S. at 796.

Here, Plaintiff's attorney seeks an award of $2,679.97 in attorney's fees under 42 U.S.C. § 406(b)(1)(A) for representing Plaintiff in federal court. This amount when added to the $10,000 award approved by Defendant for Plaintiff's attorney's representation of Plaintiff at the administrative level would total $12,679.97, or 25% of Plaintiff's past-due SSI benefits of $50,719.89. Thus, Plaintiff's attorney seeks approval of the balance of the 25% of the past-due benefits.

Although Defendant has not filed a response, the Court has a duty to determine the reasonableness of the amount of attorney fees requested. Gisbrecht, supra; Matthews v. Colvin, No. 3:10-CV-348, 2013 WL 6230339, at *3 (E.D. Tenn. Dec. 2, 2013); Thompson v. Colvin, No. 1:14-CV-00381, 2015 WL 6964574, at *2 (N.D. Ohio Nov. 10, 2015). The Court recognizes that "the Commissioner has little incentive to file any response at all to a § 406(b) motion given that fees for such an award are not borne by the Commissioner (as with EAJA fees), but instead are subtracted from an award previously made to the claimant." Weber v. Comm'r of Soc. Sec., No. 1:12-CV-550, 2015 WL 2365586, at *3 (S.D. Ohio Apr. 2, 2015), report and recommendation adopted, No. 1:12CV550, 2015 WL 2365593 (S.D. Ohio May 15, 2015). Therefore, "federal courts must balance the rights of counsel to a fair fee with the need to safeguard the rights of litigants whose interests are necessarily adverse to those of counsel in the limited context of a § 406(b) award." Id.

"Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. Using the twenty-five percent of past due benefits as a benchmark, the Sixth Circuit has stated that "[w]hile

4

we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable." Rodriquez, 865 F.2d at 746. The Sixth Circuit stated that a court should look to whether a fee agreement was executed by the claimant and the claimant's attorney, and if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, the fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." Id. Yet, a contingency fee may be reduced based upon counsel's "improper conduct or ineffectiveness" or where counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." Id. Moreover, a fee agreement is not entitled to the weight of a rebuttable presumption and may be reduced as a windfall when the fee agreement was made at a time when there was no contingency. Damron v. Comm'r of Soc. Sec., 104 F.3d 853, 857 (6th Cir. 1997); Beaty v. Comm'r of Soc. Sec., No. 2:08-0118, 2016 WL 3647177, at *5 (M.D. Tenn. June 13, 2016), report and recommendation adopted, No. 2:08-CV-00118, 2016 WL 3552342 (M.D. Tenn. June 30, 2016).

In Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418 (6th Cir. 1990), as clarified on reh'g (Jan. 23, 1991), the Sixth Circuit explained that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." Id. at 422 (footnotes omitted). Thus, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable. If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee." Id. Arguments to

5

be considered "may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." Id.

Here, Plaintiff's attorney has not submitted evidence of a fee agreement. Thus, Plaintiff's attorney has failed to show that a fee award of the twenty-five percent statutory cap of past-due benefits awarded is reasonable. Therefore, "[i]n the absence of a contingent fee agreement, the most useful starting point for determining a reasonable fee is the 'lodestar'-- the number of hours reasonably expended multiplied by a reasonable hourly rate." Bentley v. Comm'r of Soc. Sec., 524 F. Supp. 2d 921, 925 (W.D. Mich. 2007); Beaty, 2016 WL 3647177, at *5.

The Court previously determined that the 63.3 hours initially claimed by Plaintiff were reasonable, but reduced the requested hourly rate of $177 to $125 and awarded Plaintiff attorney's fees in the amount of $8,162.50 under the EAJA.[2] Here, Plaintiff's attorney is only seeking $2,679.97 under §406(b) that computes to an hourly rate of $42.33 for 63.3 hours worked ($2,679.97 ÷ 63.3 hours =$42.33 per hour). The Court considers this request reasonable based upon the time spent and the results achieved.

As noted previously, Plaintiff was awarded $8,162.50 under the EAJA. Normally, Plaintiff's attorney would be required to remit the smaller award to Plaintiff. See Gisbrecht, 535 U.S. at 796; Jankovich v. Bowen, 868 F.2d 867, 871 n.1 (6th Cir. 1989) ("In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant."). Yet, the EAJA fees were diverted to the United States Department of Education Federal Offset Unit. (Docket Entry No. 61-6).

---

[2]The Court also awarded Plaintiff an additional 2 hours for time spent litigating the contested EAJA petition for a total of 65.3 hours.

6

"[A] § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Astrue v. Ratliff, 560 U.S. 586, 589 (2010); Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 449 (6th Cir. 2009) ("[B]ecause the EAJA awards are payable to plaintiffs rather than to plaintiffs' counsel, those awards are subject to administrative offset."). Thus, Plaintiff received the benefit of the EAJA award through the reduction of her federal debt while Plaintiff's attorney did not receive any benefit from the EAJA award. Therefore, the Court concludes that because the fee award under § 406(b) would not be duplicative Plaintiff's attorney should be entitled to the fee award under § 406(b) despite that award being the smaller of the two fee awards in this action. See Weber, 2015 WL 2365586, at *3; Matthews, 2013 WL 6230339, at *3.

Accordingly, for these reasons, the Court concludes that Plaintiff's motion for approval of attorney fee out of Plaintiff's past due-benefits pursuant to 42 U.S.C. § 406(b)(1)(A) (Docket Entry No. 61) should be granted and Plaintiff's attorney should be awarded $2,679.97 in attorney's fees.

ENTERED this ___ day of August, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge